# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLARENCE SHELBY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| WASTE MANAGEMENT | § | SA-08-CV-0901 OG |
| RESOURCES, INC., Agent for | § | |
| Waste Management, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

**TO:** Hon. Orlando Garcia
United States District Judge

This report and recommendation recommends dismissal of this case. Previously, the district judge referred to me plaintiff Clarence Shelby's motion to proceed *in forma pauperis*.[1] In considering the motion, I observed that Shelby is a frequent plaintiff in this court[2] and that Shelby's proposed complaint complains about the same conduct at issue in other lawsuits. Because Shelby has had three two opportunities to pursue his claims, I recommend denying the motion to proceed *in forma pauperis* and dismissing this case.

---

[1] Docket entry # 1.

[2] *See* Cause No. SA-01-CV-347-OG (naming City Public Service as defendant in an employment discrimination case); Cause No. SA-02-CV-361-ECP (naming City Public Service as defendant in a case complaining about violation of First Amendment and privacy rights in connection with refusal-to-hire complained about in Cause No. SA-01-CV-347-OG); Cause No. SA-03-CV-206-FB (naming City of San Antonio as defendant in an employment case complaining about race discrimination); Cause No. SA-05-CV-1063-RF (naming Waste Management as defendant in claim under the Americans with Disabilities Act); Cause No. SA-08-CV-45-RF (naming Waste Management Resources as defendant and repeating earlier claim under the Americans with Disabilities Act).

Section 1915(e) provides for *sua sponte* dismissal of an *in forma pauperis* proceeding if the court finds that the complaint "is frivolous or malicious" or "fails to state a claim upon which relief may be granted."[3] This provision permits the court to dismiss those claims whose factual contentions are clearly baseless.[4] Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.[5] Similarly, it has been held that the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"[6] Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

This case should be dismissed under section 1915(e) because it is frivolous. This is the third lawsuit in which Shelby attempts to hold his former employer—defendant Waste Management Resources—liable for consequences resulting from an on-the-job vehicle accident that occurred on August 27, 2003. Shelby lost the bottom part of his right leg as a result of the

---

[3] 28 U.S.C.A. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Federal Rule of Civil Procedure 12(b)(6)).

[4] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[5] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997).

[6] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

accident. In Cause No. SA-05-CV-1063-RF, Shelby sued Waste Management under the Americans with Disabilities Act, claiming that he was unlawfully terminated after he lost part of his right leg.[7] Shelby sought compensation for negligence, wrongful termination, discrimination, and worker's compensation back pay.[8] The district judge dismissed the case with prejudice after Shelby refused to comply with discovery.[9]

In Cause No. SA-08-CV-45-RF, Shelby sued Waste Management Resources a second time and raised the claims he brought in Cause No. SA-05-CV-1063-RF.[10] As relief, Shelby sought reasonable and necessary medical expenses; and compensation for physical and mental pain, physical impairment, disfigurement, and loss of wage earning capacity, resulting from the August 27, 2003 on-the-job injury.[11] The district judge dismissed the case with prejudice after Shelby failed to comply with an order of the court to amend his complaint.[12] The district judge "prohibited [Shelby] from filing lawsuits against any Waste Management entity in the future concerning his previous employment with Waste Management."[13]

In addition to these two federal lawsuits, the record in Cause No. SA-05-CV-1063-RF shows that Shelby settled a state-court lawsuit against the owner and driver of the other vehicle

---

[7]*See* Cause No. SA-05-CV-1063-RF, docket entry # 10.

[8]*Id*.

[9]*See* Cause No. SA-05-CV-1063,-RF docket entry # 27.

[10]*See* Cause No. SA-08-CV-45-RF, docket entry # 6.

[11]*See id*. at p. 5.

[12]*See* Cause No. SA-08-CV-45-RF, docket entry # 16.

[13]*Id*.

involved in the August 27, 2003 vehicle accident for $475,044.00.[14] Shelby sought the same damages he seeks here and in Cause No. SA-08-CV-45-RF: reasonable and necessary medical expenses; and compensation for physical and mental pain, physical impairment, disfigurement, and loss of wage earning capacity, resulting from the August 27, 2003 on-the-job injury.

Despite this history and the district judge's order in Cause No. SA-08-CV-45-RF, Shelby seeks in this lawsuit to sue Waste Management Resources for negligence.[15] As in his prior lawsuits, Shelby seeks reasonable and necessary medical expenses; and compensation for physical and mental pain, physical impairment, disfigurement, and loss of wage earning capacity, resulting from the August 27, 2003 on-the-job injury.[16] He brings the same essential claim brought in Cause Nos. SA-05-CV-1063-RF and SA-08-CV-45-RF. This claim is barred by the district court's order in Cause No. SA-08-CV-45 because it is based on Shelby's former employment with Waste Management Resources.[17]

This case is frivolous because the district judge prohibited Shelby from filing lawsuits against any Waste Management entity in the future concerning his previous employment with Waste Management. The district judge could have issued an order enjoining Shelby from filing any future action about his former employment with Waste Management Resources in a federal

---

[14]*See* Cause No. SA-05-CV-1063-RF, docket entry # 4, attached complaint & settlement agreement in Cause No. 2003-CI-19072, 166th Judicial District, Bexar County, Texas.

[15]*See* Cause No. SA-08-CV-901-OG, docket entry #1, attached proposed complaint.

[16]*Id.* at p. 4.

[17]*See* Cause No. SA-08-CV-901-OG, docket entry # 1, Paragraph Sixteen.

4

court without permission from this court[18]—rather than prohibiting Shelby from filing lawsuits against a Waste Management entity in the future concerning his previous employment with Waste Management. Nevertheless, Shelby understood the prohibition and referred to the prohibition in his proposed complaint.[19]

Even if this case was not frivolous for the foregoing reason, it is frivolous because Shelby's claim against Waste Management Resources is barred by limitations. Shelby's claim is reasonably construed as a claim for negligence because Shelby complains about "Defendant's acts of negligence" and "aforesaid negligence."[20] The Texas statute of limitations for negligence is two years.[21] The limitations period for negligence begins to run when a wrongful act causes an injury.[22] Shelby complains about negligence that occurred on August 27, 2003—the negligence that caused the vehicle accident on August 27, 2003.[23] The statute of limitations for injuries arising from that accident ran on August 26, 2005. The claim is barred by limitations because

---

[18]*See Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002) ("[I]t is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court.").

[19]*See* Cause No. SA-08-CV-901-OG, docket entry # 1, Paragraph Eight.

[20]*See* Cause No. SA-08-CV-901-OG, docket entry # 1, Paragraphs Twenty-Three & Twenty-Four.

[21]*See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2007).

[22]*See Blondeau v. Sommer*, 139 S.W.2d 223, 225 (Tex. Civ. App.—Galveston 1940, writ ref'd) ("As a general rule the statute of limitation commences to run on an action for tort from the time the duty owing to the plaintiff was breached by the wrongful or negligent act of the defendant, even though in some cases the plaintiff is ignorant of the existence of his cause of action, or although damage was not sustained until after the commission of the tort.").

[23]*See* Cause No. SA-08-CV-901-OG, docket entry # 1, Paragraphs Sixteen, Twenty-Three & Twenty-Four.

Shelby seeks to bring the claim outside the limitations period. A claim that is barred by limitations lacks an arguable basis either in law or in fact and is appropriately dismissed as frivolous.

## Recommendation.

For the reasons discussed in this report, I recommend denying the motion to proceed in forma pauperis and dismissing this case under section 1915(e) as frivolous. I also recommend entering an order enjoining Shelby from filing any future action about his former employment with Waste Management Resources and about the vehicle accident that occurred on August 27, 2003, in a federal court without permission from this court. To the extent that Shelby may complain about a lack of notice that the court is considering dismissal of this case, Shelby should treat this report and recommendation as notice.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[24] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous,

---

[24] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[25] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[26]

**SIGNED** on November 12, 2008.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[25]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[26]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).